RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
Marc A. Fenster, State Bar No. 181067
Brian D. Ledahl, State Bar No. 186579
Alexander C.D. Giza, State Bar No. 212327
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:  (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
SPH AMERICA, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION,<br><br>　　　　　Defendant. | Case No. **'13CV2319 MMA BGS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff SPH America, LLC ("SPH" or "Plaintiff") makes the following allegations against Defendant Sprint Corporation ("Sprint" or "Defendant").

## I. PARTIES

1.  Plaintiff SPH America, LLC is a Virginia limited liability company having a principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, Virginia 22182.

2.  On information and belief, Defendant Sprint is a Delaware Corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas.

## II. JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing its business activities, including the sale of infringing goods, to this district.

# COUNT I

# INFRINGEMENT OF U.S. PATENT NO. RE 40,385

6. Plaintiff SPH realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7. Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,385 ("the '385 patent") titled "Orthogonal Complex Spreading Method For Multichannel And Apparatus Thereof."  The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.  SPH is the exclusive licensee, possessing all substantial rights, to the '385 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '385 patent.

8. On information and belief, Sprint operates a wireless communications network, and sells mobile handsets for use on a wireless network.  On information and belief, Sprint also offers wireless communications services and sells mobile handsets for use on a wireless network through its Boost mobile brand.

9. On information and belief, Sprint has infringed and continues to infringe the '385 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '385 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Fury, Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '385 patent, including but not limited to claim 31.  By making, using, offering for sale, and/or selling such systems, and products and/or services related

thereto, covered by one or more claims of the '385 patent, Sprint has injured SPH and is liable to SPH for infringement of the '385 patent pursuant to 35 U.S.C. § 271.

10. Sprint was placed on notice of its infringement of the '385 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to Sprint specifically identifying the '385 Patent and informing Sprint of its infringing conduct.

11. On information and belief, Sprint has also infringed the '385 patent by inducing others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(b).

12. On information and belief, Sprint takes active steps to induce its customers and network users to infringe the '385 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '385 patent.  For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that Sprint enables pursuant to CDMA2000 technology.  Since at least the time of the written communications from SPH in February 2012, Sprint has had actual knowledge of the '385 patent and that the use of products and services by its customers constituted direct infringement of the '385 patent.  Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '385 patent.

13. On information and belief, Sprint has also infringed the '385 patent by contributing to the infringement of others, including users of unlicensed wireless

handsets on its networks, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(c).

14. On information and belief, Sprint sells devices that are a component of the patented invention of the '385 patent or an apparatus for use in practicing a patented process of the '385 patent and they are especially made or especially adapted for use in infringement of the '385 patent. In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '385 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '385 patent, including through use in communications using CDMA2000 technology. Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '385 patent. Sprint was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

15. Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '385 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of the written communications from SPH in February 2012, Sprint has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '385 patent and that the '385 patent is valid. Despite that knowledge, on information and belief, Sprint has continued its infringing activities. As such, Sprint willfully infringed the '385 patent.

16. As a result of Sprint's infringement of the '385 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, enhancement of

damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,960,029

17. Plaintiff SPH realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18. Plaintiff SPH is the exclusive licensee of United States Patent No. 5,960,029 ("the '029 patent") titled "Coherent Dual-Channel QPSK Modulator/Demodulator For CDMA Systems, And Modulating/Demodulating Methods Therefor." The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999. SPH is the exclusive licensee, possessing all substantial rights, to the '029 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '029 patent.

19. On information and belief, Sprint operates a wireless communications network, and sells mobile handsets for use on a wireless network. On information and belief, Sprint also offers wireless communications services and sells mobile handsets for use on a wireless network through its Boost mobile brand.

20. On information and belief, Sprint has infringed and continues to infringe the '029 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '029 patent. Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Fury, Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the

1   Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more
2   claims of the '029 patent, including but not limited to claim 1.  By making, using,
3   offering for sale, and/or selling such systems, and products and/or services related
4   thereto, covered by one or more claims of the '029 patent, Sprint has injured SPH
5   and is liable to SPH for infringement of the '029 patent pursuant to 35 U.S.C. §
6   271.
7          21.    Sprint was placed on notice of its infringement of the '029 Patent no
8   later than approximately February 10, 2012 as a result of a letter from SPH to
9   Sprint specifically identifying the '029 Patent and informing Sprint of its infringing
10  conduct.
11         22.    On information and belief, Sprint has also infringed the '029 patent by
12  inducing others, including users of unlicensed wireless handsets on its networks to
13  infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(b).
14         23.    On information and belief, Sprint takes active steps to induce its
15  customers and network users to infringe the '029 patent by taking affirmative steps
16  to encourage and facilitate direct infringement by others with knowledge of that
17  infringement, such as, upon information and belief, by importing, offering for sale,
18  and/or selling products and/or services that when used as intended infringe the
19  '029 patent.  For example, and without limitation, on information and belief, Sprint
20  advertises that customers can utilize mobile devices to communicate using its
21  network services for 3G communications that Sprint enables pursuant to
22  CDMA2000 technology.  Since at least time of the written communications from
23  SPH in February 2012, Sprint has had actual knowledge of the '029 patent and that
24  the use of products and services by its customers constituted direct infringement of
25  the '029 patent.  Despite this knowledge, Sprint has continued to offer these
26  services, to facilitate and encourage infringing use of its services, and to encourage
27  its customers to use products and services from Sprint in a manner that infringes
28  the '029 patent.

24. On information and belief, Sprint has also infringed the '029 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(c).

25. On information and belief, Sprint sells devices that are a component of the patented invention of the '029 patent or an apparatus for use in practicing a patented process of the '029 patent and they are especially made or especially adapted for use in infringement of the '029 patent. In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '029 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '029 patent, including through use in communications using CDMA2000 technology. Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '029 patent. Sprint was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

26. Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '029 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of the written communications from SPH in February 2012, Sprint has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '029 patent and that the '029 patent is valid. Despite that knowledge, on information and belief, Sprint has continued its infringing activities. As such, Sprint willfully infringed the '029 patent.

27. As a result of Sprint's infringement of the '029 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount

adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, enhancement of damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

## III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff SPH that Sprint has infringed, either literally and/or under the doctrine of equivalents, the '385 patent and the '029 patent;

2. A judgment in favor of Plaintiff SPH that Sprint has induced infringement of the '385 patent and the '029 patent;

3. A judgment in favor of Plaintiff SPH that Sprint has contributed to the infringement of the '385 patent and the '029 patent;

4. A judgment in favor of Plaintiff SPH that Sprint has willfully infringed the '385 patent and the '029 patent;

5. A judgment and order requiring Sprint to pay Plaintiff SPH its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Sprint's infringement of the '385 patent and the '029 patent;

6. A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

7. A judgment and order that this case is exceptional and requiring Sprint to pay Plaintiff SPH reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

8. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**IV.  DEMAND FOR JURY TRIAL**

  Plaintiff SPH requests a trial by jury of any issues so triable.

DATED:  September 26, 2013   RUSS, AUGUST & KABAT
                 Larry C. Russ
                 Marc A. Fenster
                 Brian D. Ledahl
                 Alexander C.D. Giza

               By:  /s Brian D. Ledahl
                  Brian D. Ledahl
                  Attorneys for Plaintiff
                  SPH America, LLC

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SPH America, LLC

### DEFENDANTS
Sprint Corporation

**(b)** County of Residence of First Listed Plaintiff: Fairfax County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Johnson County, Kansas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025   Telephone: 310-826-7474

Attorneys *(If Known)*

'13CV2319 MMA BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. s. 271
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Hon. Cathy Ann Bencivengo
DOCKET NUMBER: 09cv02535 CAB (KSC)

DATE: 09/26/2013
SIGNATURE OF ATTORNEY OF RECORD: /s Brian D. Ledahl

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE