1  RUSS, AUGUST & KABAT
   Larry C. Russ, State Bar No. 82760
2  Marc A. Fenster, State Bar No. 181067
   Brian D. Ledahl, State Bar No. 186579
3  Alexander C.D. Giza, State Bar No. 212327
   J. Power Hely VI, State Bar No. 271231
4  12424 Wilshire Boulevard, 12th Floor
   Los Angeles, California  90025
5  Telephone:   (310) 826-7474
   Facsimile:(310) 826-6991
6
   Attorneys for Plaintiff
7  SPH AMERICA, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12  SPH AMERICA, LLC,                    Case No. 13-CV-2319-CAB-NLS

13                    Plaintiff,

14  vs.                                  **SUPPLEMENTAL FIRST
                                         AMENDED COMPLAINT FOR
15  SPRINT SPECTRUM L.P.,                PATENT INFRINGEMENT**

16                    Defendant.         **Jury Trial Demanded**

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff SPH America, LLC ("SPH" or "Plaintiff") makes the following allegations against Defendant Sprint Corporation ("Sprint" or "Defendant").

## I.  PARTIES

1.      Plaintiff SPH America, LLC is a Virginia limited liability company having a principal place of business at 8133 Leesburg Pike, Suite 310, Vienna, Virginia 22182.

2.      On information and belief, Defendant Sprint is a Delaware Corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas.

## II.  JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, Defendant has engaged in activities including: transacting business in this district and purposefully directing its business activities, including: the sale of infringing goods, to this district.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. RE 40,385**

6.      Plaintiff SPH realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff SPH is the exclusive licensee of United States Patent No. RE 40,385 ("the '385 patent") titled "Orthogonal Complex Spreading Method For Multichannel And Apparatus Thereof." The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008. SPH is the exclusive licensee, possessing all substantial rights, to the '385 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '385 patent.

8.      On information and belief, Sprint operates a wireless communications network, and sells mobile handsets for use on a wireless network. On information and belief, Sprint also offers wireless communications services and sells mobile handsets for use on a wireless network through its Boost mobile brand.

9.      On information and belief, Sprint has infringed and continues to infringe the '385 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '385 patent. Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Fury, Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '385 patent, including but not limited to claim 31. By making, using, offering for sale, and/or selling such systems, and products and/or services related

2

thereto, covered by one or more claims of the '385 patent, Sprint has injured SPH and is liable to SPH for infringement of the '385 patent pursuant to 35 U.S.C. § 271.

10.     Sprint was placed on notice of its infringement of the '385 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to Sprint specifically identifying the '385 Patent and informing Sprint of its infringing conduct.

11.     On information and belief, Sprint has also infringed the '385 patent by inducing others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '385 patent in violation of 35 U.S.C. § 271(b).

12.     On information and belief, Sprint takes active steps to induce its customers and network users to infringe the '385 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '385 patent.  For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that Sprint enables pursuant to CDMA2000 technology.  Since at least the time of the written communications from SPH in February 2012, Sprint has had actual knowledge of the '385 patent and that the use of products and services by its customers constituted direct infringement of the '385 patent.  Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '385 patent.

13.     On information and belief, Sprint has also infringed the '385 patent by contributing to the infringement of others, including users of unlicensed wireless

3

1  handsets on its networks, to infringe one or more claims of the '385 patent in

2  violation of 35 U.S.C. § 271(c).

3      14.    On information and belief, Sprint sells devices that are a component

4  of the patented invention of the '385 patent or an apparatus for use in practicing a

5  patented process of the '385 patent and they are especially made or especially

6  adapted for use in infringement of the '385 patent.  In particular, the unlicensed

7  mobile handsets sold and offered for sale by Sprint are apparatus for use in

8  practicing one or more claimed processes of the '385 patent and are especially

9  made or especially adapted for use in practicing one or more claimed processes of

10 the '385 patent, including through use in communications using CDMA2000

11 technology.  Sprint sold these unlicensed devices despite its knowledge that they

12 were especially made or especially adapted for use in infringement of the '385

13 patent.  Sprint was put on notice of the infringing nature of these goods since at

14 least the time of the written communications from SPH in February 2012.

15     15.    Sprint undertook its actions of, *inter alia*, making, using, offering for

16 sale, and/or selling unlicensed systems, and products and/or services related thereto

17 despite an objectively high likelihood that such activities infringed the '385 patent,

18 which has been duly issued by the United States Patent and Trademark Office, and

19 is presumed valid.  Since at least the time of the written communications from SPH

20 in February 2012, Sprint has been aware of an objectively high likelihood that its

21 actions constituted, and continue to constitute, infringement of the '385 patent and

22 that the '385 patent is valid.  Despite that knowledge, on information and belief,

23 Sprint has continued its infringing activities.  As such, Sprint willfully infringed

24 the '385 patent.

25     16.    As a result of Sprint's infringement of the '385 patent, Plaintiff SPH

26 has suffered monetary damages and is entitled to a money judgment in an amount

27 adequate to compensate for Sprint's infringement, but in no event less than a

28 reasonable royalty for the use made of the invention by Sprint, enhancement of

RUSS, AUGUST & KABAT

4

RUSS, AUGUST & KABAT

damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 5,960,029**

17.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18.    Plaintiff SPH is the exclusive licensee of United States Patent No. 5,960,029 ("the '029 patent") titled "Coherent Dual-Channel QPSK Modulator/Demodulator For CDMA Systems, And Modulating/Demodulating Methods Therefor."  The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999.  SPH is the exclusive licensee, possessing all substantial rights, to the '029 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '029 patent.

19.    On information and belief, Sprint operates a wireless communications network, and sells mobile handsets for use on a wireless network.  On information and belief, Sprint also offers wireless communications services and sells mobile handsets for use on a wireless network through its Boost mobile brand.

20.    On information and belief, Sprint has infringed and continues to infringe the '029 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '029 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Fury, Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the

5

Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '029 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '029 patent, Sprint has injured SPH and is liable to SPH for infringement of the '029 patent pursuant to 35 U.S.C. § 271.

21. Sprint was placed on notice of its infringement of the '029 Patent no later than approximately February 10, 2012 as a result of a letter from SPH to Sprint specifically identifying the '029 Patent and informing Sprint of its infringing conduct.

22. On information and belief, Sprint has also infringed the '029 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(b).

23. On information and belief, Sprint takes active steps to induce its customers and network users to infringe the '029 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '029 patent. For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that Sprint enables pursuant to CDMA2000 technology. Since at least time of the written communications from SPH in February 2012, Sprint has had actual knowledge of the '029 patent and that the use of products and services by its customers constituted direct infringement of the '029 patent. Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '029 patent.

RUSS, AUGUST & KABAT

6

RUSS, AUGUST & KABAT

24.     On information and belief, Sprint has also infringed the '029 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '029 patent in violation of 35 U.S.C. § 271(c).

25.     On information and belief, Sprint sells devices that are a component of the patented invention of the '029 patent or an apparatus for use in practicing a patented process of the '029 patent and they are especially made or especially adapted for use in infringement of the '029 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '029 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '029 patent, including through use in communications using CDMA2000 technology.  Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '029 patent.  Sprint was put on notice of the infringing nature of these goods since at least the time of the written communications from SPH in February 2012.

26.     Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '029 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the written communications from SPH in February 2012, Sprint has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '029 patent and that the '029 patent is valid.  Despite that knowledge, on information and belief, Sprint has continued its infringing activities.  As such, Sprint willfully infringed the '029 patent.

27.     As a result of Sprint's infringement of the '029 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount

RUSS, AUGUST & KABAT

adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, enhancement of damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. RE 44,507**

28.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-27 above, as if fully set forth herein.

29.    Plaintiff SPH is the exclusive licensee of United States Patent No. RE 44,507 ("the '507 patent") titled "Orthogonal Complex Spreading Method for Multichannel and Apparatus Thereof."  The '507 patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2013. SPH is the exclusive licensee, possessing all substantial rights, to the '507 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '507 patent.

30.    On information and belief, Sprint operates a wireless communications network, and sells mobile handsets for use on a wireless network.  On information and belief, Sprint also offers wireless communications services and sells mobile handsets for use on a wireless network through its Boost mobile brand.

31.    On information and belief, Sprint has infringed and continues to infringe the '507 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '507 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE,

8

including, without limitation the Fury, Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '507 patent, including but not limited to claim 104.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '507 patent, Sprint has injured SPH and is liable to SPH for infringement of the '507 patent pursuant to 35 U.S.C. § 271.

32.     As a result of Sprint's infringement of the '507 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, and interests and costs as fixed by the Court.

33.     Sprint was placed on notice of its infringement of the '507 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '507 Patent and informing Sprint of its infringing conduct.

34.     On information and belief, Sprint has also infringed the '507 patent by inducing others, including users of unlicensed wireless handsets on its networks to infringe one or more claims of the '507 patent in violation of 35 U.S.C. § 271(b).

35.     On information and belief, Sprint takes active steps to induce its customers and network users to infringe the '507 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '507 patent.  For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using its network services for 3G communications that Sprint enables pursuant to CDMA2000 technology.  Since at least the filing of the first amended complaint in

this matter, Sprint has had actual knowledge of the '507 patent and that the use of products and services by its customers constituted direct infringement of the '507 patent. Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '507 patent.

36. On information and belief, Sprint has also infringed the '507 patent by contributing to the infringement of others, including users of unlicensed wireless handsets on its networks, to infringe one or more claims of the '507 patent in violation of 35 U.S.C. § 271(c).

37. On information and belief, Sprint sells devices that are a component of the patented invention of the '507 patent or an apparatus for use in practicing a patented process of the '507 patent and they are especially made or especially adapted for use in infringement of the '507 patent. In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '507 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '507 patent, including through use in communications using CDMA2000 technology. Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '507 patent. Sprint was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

38. Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '507 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of the filing of the first amended complaint in this action, Sprint has been aware of an objectively high likelihood

1   that its actions constituted, and continue to constitute, infringement of the '507

2   patent and that the '507 patent is valid.  Despite that knowledge, on information

3   and belief, Sprint has continued its infringing activities.  As such, Sprint willfully

4   infringed the '507 patent.

5         39.    As a result of Sprint's indirect infringement of the '507 patent,

6   Plaintiff SPH has suffered monetary damages and is entitled to a money judgment

7   in an amount adequate to compensate for Sprint's infringement, but in no event

8   less than a reasonable royalty for the use made of the invention by Sprint,

9   enhancement of damages due to Sprint's willful infringement, and interest and

10   costs as fixed by the Court.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 8,565,346**

13         40.    Plaintiff SPH realleges and incorporates by reference paragraphs 1-39

14   above, as if fully set forth herein.

15         41.    Plaintiff SPH is the exclusive licensee of United States Patent No.

16   8,565,346 ("the '346 patent") titled "Apparatus for Transmitting and Receiving

17   Data to Provide High-Speed Data Communication and Method Thereof."  The

18   '346 patent was duly and legally issued by the United States Patent and Trademark

19   Office on October 22, 2013.  SPH is the exclusive licensee, possessing all

20   substantial rights, to the '346 patent pursuant to a license from the Electronics and

21   Telecommunications Research Institute, a South Korean non-profit research

22   organization, the owner of the '346 patent.

23         42.    On information and belief, Sprint sells mobile handsets capable of

24   wireless local area network connectivity.  On information and belief, Sprint also

25   sells mobile handsets capable of wireless local area network connectivity through

26   its Boost mobile brand.

27         43.    On information and belief, Sprint has infringed and continues to

28   infringe the '346 patent by, among other things, making, using, offering for sale,

RUSS, AUGUST & KABAT

11

and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '346 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '346 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '346 patent, Sprint has injured SPH and is liable to SPH for infringement of the '346 patent pursuant to 35 U.S.C. § 271.

44.     As a result of Sprint's infringement of the '346 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, and interests and costs as fixed by the Court.

45.     Sprint was placed on notice of its infringement of the '346 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '346 Patent and informing Sprint of its infringing conduct.

46.     On information and belief, Sprint has also infringed the '346 patent by inducing others, including users of unlicensed wireless handsets to infringe one or more claims of the '346 patent in violation of 35 U.S.C. § 271(b).

47.     On information and belief, Sprint takes active steps to induce its customers to infringe the '346 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling

RUSS, AUGUST & KABAT

12

products and/or services that when used as intended infringe the '346 patent. For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using WiFi communications protocols. Since at least the filing of the first amended complaint in this matter, Sprint has had actual knowledge of the '346 patent and that the use of products and services by its customers constituted direct infringement of the '346 patent. Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '346 patent.

48.     On information and belief, Sprint has also infringed the '346 patent by contributing to the infringement of others, including users of unlicensed wireless handsets, to infringe one or more claims of the '346 patent in violation of 35 U.S.C. § 271(c).

49.     On information and belief, Sprint sells devices that are a component of the patented invention of the '346 patent or an apparatus for use in practicing a patented process of the '346 patent and they are especially made or especially adapted for use in infringement of the '346 patent. In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '346 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '346 patent, including through use in communications using WiFi communications protocols. Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '346 patent. Sprint was put on notice of the infringing nature of these goods since at least the time of the filing of the initial complaint in this matter.

50.     Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto

despite an objectively high likelihood that such activities infringed the '346 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid.  Since at least the time of the filing of the first amended complaint in this action, Sprint has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '346 patent and that the '346 patent is valid.  Despite that knowledge, on information and belief, Sprint has continued its infringing activities.  As such, Sprint willfully infringed the '346 patent.

51.     As a result of Sprint's indirect infringement of the '346 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, enhancement of damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

**COUNT V**

**INFRINGEMENT OF U.S. PATENT NO. 8,532,231**

52.     Plaintiff SPH realleges and incorporates by reference paragraphs 1-51 above, as if fully set forth herein.

53.     Plaintiff SPH is the exclusive licensee of United States Patent No. 8,532,231 ("the '231 patent") titled "Apparatus for Transmitting and Receiving Data to Provide High-Speed Data Communication and Method Thereof."  The '231 patent was duly and legally issued by the United States Patent and Trademark Office on September 10, 2013.  SPH is the exclusive licensee, possessing all substantial rights, to the '231 patent pursuant to a license from the Electronics and Telecommunications Research Institute, a South Korean non-profit research organization, the owner of the '231 patent.

54.     On information and belief, Sprint sells mobile handsets capable of wireless local area network connectivity.  On information and belief, Sprint also

14

sells mobile handsets capable of wireless local area network connectivity through its Boost mobile brand.

55.     On information and belief, Sprint has infringed and continues to infringe the '231 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto, covered by one or more claims of the '231 patent.  Such unlicensed products include, by way of example and without limitation, mobile phones made by Samsung, including without limitation the Samsung Galaxy S4, Galaxy S III, and Galaxy Rush, mobile phones made by Blackberry, including, without limitation the Blackberry Bold 9930 and Blackberry Curve 9310, mobile phones made by ZTE, including, without limitation the Sprint Vital, Boost Force, and Warp Sequent, and mobile phones made by Kyocera, including, without limitation the Rise, Hydro EDGE, Torque, and Milano, all of which are covered by one or more claims of the '231 patent, including but not limited to claim 35.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '231 patent, Sprint has injured SPH and is liable to SPH for infringement of the '231 patent pursuant to 35 U.S.C. § 271.

56.     As a result of Sprint's infringement of the '231 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, and interests and costs as fixed by the Court.

57.     Sprint was placed on notice of its infringement of the '231 Patent no later than the filing of the first amended complaint in this matter specifically identifying the '231 Patent and informing Sprint of its infringing conduct.

58.     On information and belief, Sprint has also infringed the '231 patent by inducing others, including users of unlicensed wireless handsets to infringe one or more claims of the '231 patent in violation of 35 U.S.C. § 271(b).

15

59.    On information and belief, Sprint takes active steps to induce its customers to infringe the '231 patent by taking affirmative steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, offering for sale, and/or selling products and/or services that when used as intended infringe the '231 patent.  For example, and without limitation, on information and belief, Sprint advertises that customers can utilize mobile devices to communicate using WiFi communications protocols.  Since at least the filing of the first amended complaint in this matter, Sprint has had actual knowledge of the '231 patent and that the use of products and services by its customers constituted direct infringement of the '231 patent.  Despite this knowledge, Sprint has continued to offer these services, to facilitate and encourage infringing use of its services, and to encourage its customers to use products and services from Sprint in a manner that infringes the '231 patent.

60.    On information and belief, Sprint has also infringed the '231 patent by contributing to the infringement of others, including users of unlicensed wireless handsets, to infringe one or more claims of the '231 patent in violation of 35 U.S.C. § 271(c).

61.    On information and belief, Sprint sells devices that are a component of the patented invention of the '231 patent or an apparatus for use in practicing a patented process of the '231 patent and they are especially made or especially adapted for use in infringement of the '231 patent.  In particular, the unlicensed mobile handsets sold and offered for sale by Sprint are apparatus for use in practicing one or more claimed processes of the '231 patent and are especially made or especially adapted for use in practicing one or more claimed processes of the '231 patent, including through use in communications using WiFi communications protocols.  Sprint sold these unlicensed devices despite its knowledge that they were especially made or especially adapted for use in infringement of the '231 patent.  Sprint was put on notice of the infringing nature

16

of these goods since at least the time of the filing of the initial complaint in this matter.

62.     Sprint undertook its actions of, *inter alia*, making, using, offering for sale, and/or selling unlicensed systems, and products and/or services related thereto despite an objectively high likelihood that such activities infringed the '231 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of the filing of the first amended complaint in this action, Sprint has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '231 patent and that the '231 patent is valid. Despite that knowledge, on information and belief, Sprint has continued its infringing activities. As such, Sprint willfully infringed the '231 patent.

63.     As a result of Sprint's indirect infringement of the '231 patent, Plaintiff SPH has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Sprint's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sprint, enhancement of damages due to Sprint's willful infringement, and interest and costs as fixed by the Court.

## III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff SPH that Sprint has infringed, either literally and/or under the doctrine of equivalents, the '385 patent, the '029 patent, the '507 patent, the '346 patent, and the '231 patent;

2.     A judgment in favor of Plaintiff SPH that Sprint has induced infringement of the '385 patent, the '029 patent, the '507 patent, the '346 patent, and the '231 patent;

RUSS, AUGUST & KABAT

17

3.     A judgment in favor of Plaintiff SPH that Sprint has contributed to the infringement of the '385 patent, the '029 patent, the '507 patent, the '346 patent, and the '231 patent;

4.     A judgment in favor of Plaintiff SPH that Sprint has willfully infringed the '385 patent, the '029 patent, the '507 patent, the '346 patent, and the '231 patent;

5.     A judgment and order requiring Sprint to pay Plaintiff SPH its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Sprint's infringement of the '385 patent, the '029 patent, the '507 patent, the '346 patent, and the '231 patent;

6.     A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

7.     A judgment and order that this case is exceptional and requiring Sprint to pay Plaintiff SPH reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

8.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## IV.    DEMAND FOR JURY TRIAL

Plaintiff SPH requests a trial by jury of any issues so triable.

DATED:  June 27, 2014                    RUSS, AUGUST & KABAT
                                         Larry C. Russ
                                         Marc A. Fenster
                                         Brian D. Ledahl
                                         Alexander C.D. Giza
                                         J. Power Hely VI

                                         By:  /s/ J. Power Hely VI
                                              J. Power Hely VI
                                              Attorneys for Plaintiff
                                              SPH America, LLC

RUSS, AUGUST & KABAT

18